IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANE S. TURNER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, Commissioner of | : | |
| Social Security | : | NO.  20-2433 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                  February 18, 2021

Shane S. Turner ("Plaintiff") seeks review of the Commissioner's decision

denying his claim for disability insurance benefits ("DIB").  For the following reasons, I

will grant the Commissioner's uncontested motion for remand and remand this matter for

further proceedings.

## I.      PROCEDURAL HISTORY

Plaintiff was born on December 1, 1966, and applied for DIB on January 11, 2017,

alleging disability as of November 29, 2016, due to left shoulder injury; prior right

shoulder injury with surgery; cervical, thoracic and lumbar injuries with chronic pain;

bilateral knee arthritis; and gout.  Tr. at 78, 146, 162, 166.  After his claim was denied

initially, id. at 88-92, he requested a hearing before an ALJ, id. at 93-94, which took

place on September 26, 2018.  Id. at 33-66.  On December 7, 2018, the ALJ denied

Plaintiff's claim.  Id. at 15-28.  On April 1, 2020, the Appeals Council denied Plaintiff's

request for review, id. at 1-6, making the ALJ's December 7, 2018 decision the final

decision of the Commissioner.  20 C.F.R. § 404.1572.

Case 2:20-cv-02433-ETH   Document 19   Filed 02/18/21   Page 2 of 4

Plaintiff initiated this action by filing his complaint on May 26, 2020.  Doc. 1.  In response to Plaintiff's brief in support of his request for review (Doc. 13), the Commissioner filed an uncontested motion for remand in order to further evaluate Plaintiff's residual functional capacity ("RFC"), give Plaintiff the opportunity for a new hearing, further develop the record, and issue a new decision.  Doc. 18 ¶ 3.[1]

## II.     DISCUSSION

Plaintiff challenges the merits of the ALJ's decision.  Because remand is uncontested, I will comment only briefly on Plaintiff's merits challenge.

Review of the record reveals that Plaintiff suffers from a significant number of impairments, with diagnoses including bilateral shoulder injuries, acromioclavicular ("AC") joint arthritis, back injuries with chronic pain, and gout in his right foot.  E.g., tr. at 261, 267, 332, 342, 533-42.  Plaintiff argues that the ALJ failed to include credibly established limitations in his RFC assessment, specifically related to Plaintiff's gouty arthritis of his right foot.  Doc. 13 at 3.

In his decision, the ALJ found that Plaintiff has several severe impairments; left shoulder disorder with AC joint arthritis and residuals of left shoulder strain, back disorders, obesity, and gout.  Tr. at 17.  The ALJ found that Plaintiff's alleged impairment of right shoulder repair and bilateral knee arthritis do not constitute severe impairments, and that none of his conditions meet or medically equal the listing of

---

[1]The parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  See Standing Order, In RE:  Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 5.

impairments.  Id. at 18.  The ALJ found that Plaintiff retained the RFC to perform light

work except that Plaintiff

> can reach overhead with the right and left arms occasionally;
> must avoid concentrated exposure to extreme cold, humidity,
> and wetness; can reach with the right and left arms in all other
> directions frequently; and will have one unscheduled absence
> every other month.

Id. at 19.  The ALJ accepted the vocational expert's ("VE") testimony that a person with

Plaintiff's vocational factors and RFC could perform his past relevant work as a gas

meter checker, and in the alternative that he could perform unskilled light duty jobs such

as sorter, ticket taker, and mail clerk.  Id. at 26-27.

Plaintiff argues that the ALJ's RFC assessment failed to account for his need to

use a cane to ambulate due to gouty arthritis of his right foot, and that the gout causes

greater limitations than those contained in the RFC assessment.  Doc. 13 at 3-7.  The

record reveals significant impairment findings related to Plaintiff's gout condition,

including in records from a specialist in podiatric medicine.  See, e.g., tr. at 217, 532-47.

The records also support Plaintiff's need to ambulate with a cane due to his gout

condition, as use of a cane was repeatedly recommended by his treating podiatrist in

addition to treatment involving injections, prescription pain medication, electrical

stimulation, and use of a flexible cast.  Id. at 217, 533, 537-39, 542.  Plaintiff testified

that he uses a cane on a daily basis.  Id. at 52.

Plaintiff also argues that his gouty arthritis condition limits him to sedentary work,

precluding him from performing any of the light-exertional jobs identified by the VE in

response to the ALJ's flawed hypotheticals.  Doc. 13 at 5.  According to Plaintiff, this

error is particularly important because if the ALJ found Plaintiff was limited to sedentary

work, the Medical-Vocational Guidelines would dictate a finding of disability.  Id. at 7-8.

In view of the record and the Commissioner's representation that he will instruct

the ALJ to further evaluate Plaintiff's RFC, offer Plaintiff the opportunity for a hearing,

take any further action needed to complete the administrative record, and issue a new

decision, Doc. 18, I will grant the motion for remand.

## III.    CONCLUSION

For the foregoing reasons, I will grant the Commissioner's unopposed motion for

remand.

An appropriate Order and Judgment Order follow.